# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KIERAN THOMAS SMYTH,

    Petitioner,

v.

WILLIAM BARR, et al.,

    Respondents.

Case No. 2:20-cv-00246-GMN-EJY

**ORDER**

**I.    Introduction**

Before the court are the sealed application to proceed <u>in forma pauperis</u> (ECF No. 2), and petitioner's counseled motion titled "Emergency Motion for Temporary Restraining Order and Stay of Removal from Absconding the Ninth Circuit's Jurisdiction as the Plaintiff's Counsel Has Been Informed That Plaintiff Is on a Private Medical Jet Charted [sic] by Immigration Customs Enforcement (ICE)." The court finds that petitioner is unable to pay the filing fee, and the court grants the application to proceed <u>in forma pauperis</u>. The court denies petitioner's request for a temporary restraining order because the action that he is asking the court to stop occurred days before he filed the motion.

**II.    Background**

Petitioner has been ordered removed from the United States. Currently, a petition for review is pending in the United States Court of Appeals for the Ninth Circuit, <u>Smyth v. Barr</u>,

1

Case No. 19-71006. Petitioner had filed a motion for stay of removal pending that court's review. On July 31, 2019, the court of appeals denied petitioner's motion.

In the emergency motion, counsel wrote, "This morning at approximately 9:40 am, [ICE] Officer Clark informed me that they were moving Plaintiff because they could not force feed him in the Ninth Circuit and thus they were moving him to the Texas ICE facility and handed me a post it with the address of the ICE Facility." ECF No. 2-1 at 2. Petitioner filed this motion on February 5, 2020.

The emergency motion is not the first motion that petitioner filed in this action. On February 4, 2020, petitioner filed a motion with the same title as the current motion, but docketed as a petition for a writ of mandamus. In that motion, counsel wrote, "This morning at approximately 9:40 am, Officer Clark informed me that they were moving Plaintiff because they could not force feed him in the Ninth Circuit and thus they were moving him to the Texas ICE Facility and handed me a post it with the address of the ICE Facility." ECF No. 1 at 2.

This action is not the first action in which petitioner has raised his claims. On February 3, 2020, petitioner commenced Smyth v. Barr, Case No. 2:20-cv-00234 ("Smyth I"), and he filed a motion with the same title as the current motion. In that motion, counsel wrote, "This morning at approximately 9:40 am, Officer Clark informed me that they were moving Plaintiff because they could not force feed him in the Ninth Circuit and thus they were moving him to the Texas ICE Facility and handed me a post it with the address of the ICE Facility." Smyth I, ECF No. 1, at 2-3.

**III.   Legal Standard**

Rule 65 of the Federal Rules of Civil Procedure states, in relevant part:

(b) Temporary Restraining Order.

(1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

2

The substantive standard for issuing a temporary restraining order is the same as the substantive standard for issuing a preliminary injunction. Petitioner "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

**IV.    Discussion**

By the time that petitioner filed the current motion, the request for a temporary restraining order has become moot. As described above, petitioner alleged the exact same thing on February 3, February 4, and February 5, 2020: Counsel was told that at approximately 9:40 am that petitioner was on a plane to Texas. The court assumes that the exact same thing did not happen three days in a row. Instead, the court assumes that an ICE officer informed counsel at approximately 9:40 am on February 3, 2020, that petitioner was being transferred to Texas. The court assumes that the identical allegations in the February 4 motion and in the February 5 motion were because counsel did not edit the allegations before filing the motions. Consequently, by the time that petitioner filed the current motion on February 5, petitioner already had departed Nevada. Because the transfer that petitioner seeks to stop already has occurred, the request for a temporary restraining order is moot.[1]

Although future litigation seems likely, there appears to be nothing left for this court to do. According to the motion, petitioner is on a hunger strike, and ICE transferred him to a Texas ICE facility that is capable of force-feeding him. Based upon the statements in the motion, petitioner wants to litigate that. See ECF No. 2-1 at 4-6. However, the correct venue for that litigation is in Texas.[2] Also according to the motion, petitioner is arguing that his detention itself is illegal while his petition for review is pending in the Ninth Circuit. See ECF No. 2-1 at 9-11. Petitioner might be able to challenge that detention through a petition for a writ of habeas corpus.[3]

---

[1] Even if the motion filed on February 3, 2020, was brought to the court's attention that day, the request for a temporary restraining order still would be moot. ICE told counsel at 9:40 am that petitioner was on a plane to Texas. Counsel filed the motion at 3:40 pm. Petitioner was gone hours before counsel filed the motion.

[2] The Texas ICE facility is located in Pearsall. Pearsall is in Frio County. Frio County is in the San Antonio Division of the Western District of Texas. 28 U.S.C. § 124(d)(4).

[3] The court makes no statement whether habeas corpus jurisdiction exists for such a claim.

3

However, petitioner's immediate custodian is in Texas, and this court has no jurisdiction over that custodian. Again, the correct venue for that litigation is in Texas. See 28 U.S.C. §§ 2241(a), 2242. Petitioner's petition for review is pending before the Ninth Circuit. He might have an argument that he should remain within the geographical boundaries of the Ninth Circuit. However, petitioner would need to file such a motion in the Ninth Circuit.

**V.     Conclusion**

IT THEREFORE IS ORDERED that the application to proceed in forma pauperis (ECF No. 2) is **GRANTED**. Petitioner need not pay the filing fee.

IT FURTHER IS ORDERED that the clerk of the court shall file the "Emergency Motion for Temporary Restraining Order and Stay of Removal from Absconding the Ninth Circuit's Jurisdiction as the Plaintiff's Counsel Has Been Informed That Plaintiff Is on a Private Medical Jet Charted [sic] by Immigration Customs Enforcement (ICE)."

IT FURTHER IS ORDERED that the ""Emergency Motion for Temporary Restraining Order and Stay of Removal from Absconding the Ninth Circuit's Jurisdiction as the Plaintiff's Counsel Has Been Informed That Plaintiff Is on a Private Medical Jet Charted [sic] by Immigration Customs Enforcement (ICE)" is **DENIED**.

IT FURTHER IS ORDERED that this action is **DISMISSED**. The clerk of the court shall enter judgment accordingly and close this action.

DATED:  February 10, 2020

GLORIA M. NAVARRO
United States District Judge